**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **PATRICIA GATLING-BROOKS,** | |
| **Plaintiff,** | |
| **-against-** | **1:22-cv-08979 (ALC)** |
| **LIBERTY MUTUAL INSURANCE CO., et al.,** | <u>**OPINION & ORDER**</u> |
| **Defendants.** | |

**ANDREW L. CARTER, JR., United States District Judge:**

Patricia Gatling-Brooks (hereinafter "Plaintiff" or "Brooks") brings this action against Liberty Mutual Insurance Co., Liberty Mutual Group, Inc., Ironshore Management, Inc., Ironshore Insurance Services LLC (collectively "Corporate Defendants"), Michael Policastro, Jose Caraballo, Brendan McLaughlin, John Doe #1, John Doe #2, Jane Roe #1, and Jane Roe #2 (collectively "Individual Defendants," together with Corporate Defendants, "Defendants"). Plaintiff claims to have experienced a continuing pattern of racial discrimination, harassment, bullying, humiliation, and retaliation in a hostile work environment over a six-year time span, while employed by the Corporate Defendants. Plaintiff's claims are brought pursuant to Title VII of the Civil Rights Law of 1964; Americans with Disability Act; the Fair Labor Standard Act; the New York State Human Rights Law; the New York Labor Law; New York City Human Rights Law; the New Jersey Law Against Discrimination; and the New Jersey Wage and Hour Law.

Before the Court is Defendants' motion to dismiss Plaintiff's Third Amended Complaint ("TAC") pursuant to Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6) and to transfer any remaining claims to the United States District Court for the District of New Jersey.

After careful consideration, Plaintiff's Third Amended Complaint is **DISMISSED,** without prejudice, and Plaintiff is **GRANTED** leave to amend her complaint.

## PROCEDURAL HISTORY

Plaintiff filed her initial Complaint ("Compl.") on October 20, 2022. ECF No. 1. The Defendants filed a partial motion to dismiss the Complaint and a motion to transfer the case on April 24, 2023. ECF Nos. 22-23. On May 12, 2023, the Court granted Plaintiff leave to amend her Complaint. ECF No. 26. Plaintiff filed her First Amended Complaint ("FAC") on August 15, 2023, following five extensions granted by the Court. ECF No. 35. Plaintiff asked for leave to amend the FAC on September 11, 2023, which was granted. ECF No. 40. Plaintiff filed her Second Amended Complaint ("SAC") on September 14, 2023. ECF No. 40. Defendants requested leave to file motion to dismiss the SAC pursuant to Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6). ECF No. 41. On January 12, 2024, the Court granted the Defendants' leave and issued a briefing schedule on the motion to dismiss. ECF No. 44. The Plaintiff requested leave to file a Third Amended Complaint ("TAC") which the Court granted and, in the same order, granted Defendants leave to file a motion to dismiss and to transfer the TAC, once filed. ECF No. 46.

On April 9, 2024, Plaintiff filed the TAC. ECF No. 49. Defendants filed their motion to dismiss on May 24, 2024. ECF No. 56-63. The motion raises the same arguments indicated in the previous letter motion: that the TAC should be dismissed pursuant to Fed. R. Civ. P. 8(a)(2) and 12(b)(6), and that any remaining claims should be transferred to the District of New Jersey. *See* ECF No. 57 at 1-3. Plaintiff filed a memorandum of law in opposition to Defendants' motion on August 21, 2024. ECF No. 70. Defendants filed their reply on October 14, 2024, after they were granted an extension by the Court. ECF No. 77.

**DISCUSSION**

**I.    Plaintiff's Third Amended Complaint Is Dismissed for Failure To Comply with Rule 8(a)(2)**

Rule 8(a)(2) of the Federal Rules of Civil Procedure states that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The purpose of this requirement is to provide fair notice of the claims and to enable the adverse party to answer the complaint and prepare for trial." *Strunk v. U.S. House of Representatives*, 68 Fed. App'x. 233, 235 (2d Cir. 2003). The Court has the power to dismiss complaints that fail to comply with the directives of Rule 8(a)(2). *See Schiller v. Duthie*, 2017 WL 3726993, at *12 (S.D.N.Y. Aug, 28, 2017) (citing *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)). Generally, only complaints that are "so confused, ambiguous, vague, or otherwise unintelligible" are dismissed for running afoul of Rule 8(a)(2). *See Arias-Zeballos v. Tan*, 2006 WL 3075528, at *5 (S.D.N.Y. Oct. 26, 2006). However, complaints that are unnecessarily long-winded place an undue burden on the court as well as any parties seeking to respond, and thus may also be dismissed. *See Nungesser v. Columbia University*, No. 1:15-CV-3216-GHW, 2017 WL 1102661, at *1 (S.D.N.Y. Mar. 23, 2017) ("Unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.").

Plaintiff's TAC totals 112 pages and contains 654 paragraphs. *See* ECF No. 49 ("TAC"). The length of Plaintiff's TAC alone is sufficient grounds for this Court's dismissal because it is neither short nor plain. *See Blakely v. Wells*, 209 Fed. App'x 18, 19 (2d Cir. 2006) (affirming the dismissal of a complaint spanning 57 pages and containing 597 paragraphs); *Owens v. State of N.Y. Attorney General*, 10 Fed. App'x. 34, 35 (2d Cir. 2001) (affirming the dismissal of a 55-page complaint); *Jablonksi v. Special Counsel, Inc.*, 2017 WL 4342120, at *7 (S.D.N.Y. Sept.

28, 2017) (dismissing a complaint containing 551 paragraphs). The Court notes that the Plaintiff brings thirty-four causes of action in the TAC which provides some explanation as to the TAC's length. *See* TAC ¶ 650. Additionally, the content of the TAC is largely a detailed accounting of the numerous, concerning allegations Plaintiff raises against the Defendants. Thus, the Court does not solely base its decision on the number of pages or paragraphs in the TAC.

In addition to the length, Plaintiff's TAC is at times confusing and difficult to comprehend. *See Da Costa v. Marcucilli*, 675 Fed. App'x 15, 17 (2d Cir. 2017) (dismissing a *pro se* complaint because it was convoluted, repetitive and difficult to understand); s*ee also Djangmah v. Magafara*, 2018 WL 4080346, at *4 (S.D.N.Y. Aug. 26, 2018) (dismissing a *pro se* complaint where "[p]laintiff list[ed] a multitude of apparent wrongs … making it effectively impossible to discern the relevant allegations and to which of the Defendants they might apply."). The TAC details the Defendants' alleged conduct over more than six years, while Plaintiff held multiple positions and was employed by different corporate entities. *See generally* TAC.  At times the TAC repeats factual allegations, including entire sub-sections of the TAC. *See* TAC ¶¶ 132-134 (alleging that Plaintiff's 2017 complaint was missing from her personnel file in 2021), 212-217 (same).

Given the extensive nature of these allegations and the fact that the TAC is not clear as to which allegations pertain to which Defendants, it requires the Defendants, including all the Individual Defendants, to respond to all the allegations levied. TAC at 78-110 (asserting thirty-four causes of action, all of which refer to all the allegations in the TAC, and nineteen of which are brought against "All Defendants"). This places "an unjustified burden on the court and the party who must respond to [the complaint] because they are forced to select the relevant material

from a mass of verbiage." *Jones v. Nat'l Commc'ns & Surveillance Networks*, 266 F. App'x 31, 32 (2d Cir. 2008) (quoting *Salahuddin*, 861 F.2d at 42).

As such, Defendants' motion is **GRANTED** and Plaintiff's TAC is **DISMISSED,** without prejudice, for failure to comply with Rule 8(a)(2).

## II.    Plaintiff Is Granted Leave To Amend Her Complaint

Defendants argue that the Plaintiff should not be granted leave to amend her complaint again. ECF No. 57 at 9. Defendants argue that Plaintiff has had three opportunities to amend her complaint thus far and that the complaint has gone from thirty-six to one hundred and ten pages over those amendments. *Id.* Plaintiff requests leave of the Court to amend if the TAC is dismissed pursuant to Fed. R. Civ. P. 8(a)(2). ECF No. 70 at 11.

The Second Circuit has recognized that "it is the usual practice upon granting a motion to dismiss to allow leave to replead[.]" *Cruz v. TD Bank, N.A.*, 742 F.3d 520, 523 (2d Cir. 2013) (citation omitted); *see also* Fed. R. Civ. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). Accordingly, "it will generally be an abuse of discretion to deny leave to amend when dismissing a nonfrivolous original complaint on the sole ground that it does not constitute the short and plain statement required by Rule 8." *Blakely v. Wells*, 209 F. App'x 18, 20 (2d Cir. 2006) (quoting *Salahuddin*, 861 F.2d at 42 (internal quotation marks omitted)). The Second Circuit has indicated that an amended complaint should be treated the "original complaint" if the Plaintiff did not have notice of "the defects in their first amended complaint or [was not warned] that the action would be dismissed with prejudice if those defects were not corrected." *Id.* at 21.

Defendants first raised their Rule 8 arguments in their request to file a motion to dismiss the SAC. ECF No. 41. The Court finds that the TAC should be treated as the original complaint

for the purposes of its dismissal under Rule 8. *See Blakely*, 209 Fed. App'x at 21. Therefore the Court **GRANTS** the Plaintiff leave to amend her complaint.

## CONCLUSION

For the aforementioned reasons, Defendants' motion to dismiss are hereby **GRANTED**. Plaintiff's Third Amended Complaint is hereby **DISMISSED**, without prejudice, and Plaintiff is granted leave to file a Fourth Amended Complaint that complies with this Order. Plaintiff is hereby **ORDERED** to file her Fourth Amended Complaint by January 20, 2025.

**SO ORDERED.**

Dated:        December 20, 2024
              New York, New York

_____
        **ANDREW L. CARTER, JR.**
        **United States District Judge**

6