UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICIA GATLING-BROOKS,

Plaintiff,

-against-

LIBERTY MUTUAL INSURANCE CO., LIBERTY MUTUAL GROUP, INC., IRONSHORE MANAGEMENT INC., IRONSHORE INSURANCE SERVICES LLC, MICHAEL POLICASTRO, JOSE CARABALLO, BRENDAN MCLAUGHLIN, JOHN DOE #1 and #2, and JANE ROE #1 and #2,

Defendants.

Case No. 1:22-cv-08979 (ALC)

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' FOURTH MOTION TO DISMISS AND MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

**LITTLER MENDELSON, P.C.**
William J. Anthony
H. Keith Belfield
900 Third Avenue
New York, New York 10022-3298
Telephone: 212.583.9600
Facsimile: 212.832.2719
wanthony@littler.com
kbelfield@littler.com

*Attorneys for Defendants Liberty Mutual Group Inc., Michael Policastro, Jose Caraballo, and Brendan McLaughlin*

**TABLE OF CONTENTS**

**Page**

I. PRELIMINARY STATEMENT ........................................................................ 1

II. LEGAL ARGUMENT ........................................................................ 2

A. Plaintiff's Fifth Amended Complaint Continues to Violate Rule 8 ........................ 2

B. The Fifth Amended Complaint Should Be Dismissed Under Rule 12(b)(6) ......... 4

1. Plaintiff Abandons Several Claims by Failing to Address Them. ............. 4

2. The Court Should Disregard the Declarations Submitted by Plaintiff ........................................................................ 5

3. The Continuing Violations Doctrine Cannot Revive Plaintiff's Time-Barred Claims ........................................................................ 6

4. Plaintiff's New York Claims Fail for Lack of Jurisdiction ........................ 7

5. Plaintiff's Discrimination, Retaliation, and ADA Claims Still Fail. ......... 9

III. CONCLUSION ........................................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alfano v. Costello*,
294 F.3d 365, 374 (2d Cir. 2002)....................10

*Amaya v. Ballyshear LLC*,
295 F. Supp. 3d 204 (E.D.N.Y. 2018)....................9

*Amron v. Morgan Stanley Inv. Advisors Inc.*,
464 F.3d 338 (2d Cir. 2006)....................3, 7

*Anderson v. N.Y.C. Dep't of Fin.*,
No. 19-CV-7971 (RA), 2020 WL 1922624 (S.D.N.Y. Apr. 21, 2020)....................7

*Boykin v. KeyCorp*,
521 F.3d 202 (2d Cir. 2008)....................3

*Byas v. Yonkers Pub. Schs.*,
No. 23-CV-8437 (KMK), 2025 WL 963977 (S.D.N.Y. Mar. 31, 2025)....................3, 4

*Chambers v. Time Warner, Inc.*,
282 F.3d 147 (2d Cir. 2002)....................5, 6

*Cortec Indus., Inc. v. Sum Holding L.P.*,
949 F.2d 42 (2d Cir. 1991)....................5

*Cuoco v. Moritsugu*,
222 F.3d 99 (2d Cir. 2000)....................10

*Dowrich-Weeks v. Cooper Square Realty, Inc.*,
535 F. App'x 9 (2d Cir. 2013)....................9

*Edwards v. N.Y. State Unified Court Sys.*,
No. 12 Civ. 46 (WHP), 2012 WL 6101984 (S.D.N.Y. Nov. 20, 2012)....................7

*Fried v. LVI Servs., Inc.*,
500 F. App'x 39 (2d Cir. 2012)....................7

*Garcia v. Pearson Educ., Inc.*,
No. 15 Civ. 7289 (KPF), 2016 WL 5921083 (S.D.N.Y. Oct. 7, 2016)....................6

*Germain v. Nielsen Consumer LLC*,
655 F. Supp. 3d 164 (S.D.N.Y. 2023)....................6

*Gong v. City Univ. of N.Y.*,
846 F. App'x 6 (2d Cir. 2021)....................9

**TABLE OF AUTHORITIES**
**(Continued)**

**Page(s)**

*Harnage v. Lightner*,
916 F.3d 138 (2d Cir. 2019)....................4

*Hastings v. DOJ*,
223 F. Supp. 2d 196 (D.D.C. 2002)....................4

*Hoffman v. Parade Publs.*,
15 N.Y.3d 285 (2010)....................5, 7, 8

*Jackson v. Fed. Express*,
766 F.3d 189 (2d Cir. 2014)....................5

*Jones v. Nat'l Commc'ns & Surveillance Networks*,
266 F. App'x 31 (2d Cir. 2008)....................3

*Malik v. City of N.Y.*,
841 F. App'x 281 (2d Cir. 2021)....................4

*Matson v. Bd. of Educ. of the City Sch. Dist. of N.Y.*,
631 F.3d 57 (2d Cir. 2011)....................5

*Meilus v. Rest. Opportunities Ctr. United, Inc.*,
No. 21-cv-02554 (CM), 2021 WL 4868557 (S.D.N.Y. Oct. 15, 2021)....................6

*Muldrow v. City of St. Louis*,
601 U.S. 346 (2024)....................9

*Murillo-Roman v. Pension Bds.*,
No. 22-CV-8365 (JLR), 2024 U.S. Dist. LEXIS 12128 (S.D.N.Y. Jan. 23, 2024)....................4

*Nat'l R.R. Passenger Corp. v. Morgan*,
536 U.S. 101 (2002)....................7

*Puris v. TikTok Inc.*,
No. 24-CV-944 (DLC), 2025 WL 343905 (S.D.N.Y. Jan. 30, 2025)....................9

*Roddey v. KPMG L.L.P.*,
No. 22-CV-7405, 2025 WL 1104538 (S.D.N.Y. Apr. 14, 2025)....................8

*Shaughnessy v. Scotiabank*,
No. 22-CV-10870, 2024 WL 1350083 (S.D.N.Y. Mar. 29, 2024)....................7, 8

*Shiber v. Centerview Partners LLC*,
No. 21-CV-3649, 2024 WL 3274420 (S.D.N.Y. July 2, 2024)....................8

**TABLE OF AUTHORITIES**
**(Continued)**

**Page(s)**

*State St. Bank & Tr. Co. v. Inversiones Erazuriz Limitada*,
374 F.3d 158 (2d Cir. 2004)....................4

*Syeed v. Bloomberg L.P.*,
41 N.Y.3d 446 (2024)....................8, 9

*Wexelberg v. Project Brokers LLC*,
No. 13 Civ. 7904, 2014 WL 2624761 (S.D.N.Y. Apr. 28, 2014)....................8

**Statutes**

28 U.S.C. § 1391(b)(2)....................6

28 U.S.C. § 1404(a)....................6

N.J.S.A. § 10:5-12(t)....................4

**Other Authorities**

Fed. R. Civ. P. 8....................1, 2, 3, 4

Fed. R. Civ. P. 12....................4

Fed. R. Civ. P. 12(b)(6)....................1, 4, 5

N.Y.C. Admin. Code § 8-502....................9

N.Y. C.P.L.R. § 214(2)....................9

## I. PRELIMINARY STATEMENT

Plaintiff's Fifth Amended Complaint[1] should be dismissed with prejudice. After six pleadings and several years of litigation, Plaintiff's Opposition confirms the 5AC cannot be salvaged: it does not explain how the pleading complies with this Court's prior Rule 8 ruling, it does not cure the substantive defects Defendants identified from the outset, and—most tellingly—it ignores several of Defendants' dispositive arguments altogether. Where Plaintiff does respond, she improperly asks the Court to look beyond her pleading to declarations and exhibits found nowhere in the 5AC which may not be considered in evaluating a motion to dismiss.

Rather than heed the Court's guidance set forth in its order dismissing Plaintiff's 3AC without prejudice, Plaintiff filed a pleading that remains sprawling, repetitive, and confusing: approximately 67 pages, more than 400 paragraphs, and 34 causes of action, each incorporating wholesale every preceding allegation regardless of timeframe, corporate entity, position, or supervisor. The 5AC thus reproduces the very defect the Court condemned and should be dismissed on that basis alone.

Plaintiff's Opposition also leaves Defendants' principal Rule 12(b)(6) arguments unanswered and thereby concedes them. She does not respond to Defendants' showing that her newly added Title VII and ADA theories, arising from her March 2024 return, November 2024 PIP, and January 2025 termination, were not and cannot be administratively exhausted. Nor does she address Defendants' argument that the NYLL does not apply extraterritorially to work she admittedly performed in New Jersey; her Opposition addresses only the NYSHRL and NYCHRL "impact" test, which does not govern her NYLL claims, and never mentions the controlling standard. And while she tries to invoke the continuing violation doctrine, she never confronts the

[1] Unless otherwise defined herein, capitalized terms have the meanings set forth in Defendants' Memorandum of Law in Support of Their Fourth Motion to Dismiss and Motion to Transfer Venue (the "Motion" or "Mem.").

Supreme Court's dispositive holding that discrete acts (discipline, a negative review, probation, a PIP, and termination) must independently fall within the limitations period.

Plaintiff's surviving arguments fare no better because they rely on facts absent from her pleading. To manufacture a "waiver," a New York "impact," and even a previously unpled leg disability,[2] she relies on declarations, an employment agreement, and a tax memorandum neither referenced in nor attached to the 5AC. Once those extra-pleading materials are set aside, Plaintiff's own allegations defeat her surviving arguments: she admits she is a New Jersey resident who requested to work from home in November 2018 and worked from New Jersey thereafter. Because a counseled plaintiff who has amended her complaint five times over cannot cure these defects, dismissal should be with prejudice.

## II. LEGAL ARGUMENT

### A. Plaintiff's Fifth Amended Complaint Continues to Violate Rule 8.

Plaintiff does not dispute the 5AC's length, repetition, or wholesale incorporation of allegations concerning different employers, decisionmakers, positions, and supervisors into every claim. *See, e.g.*, 5AC ¶ 253. Those defects mirror the features that rendered the 3AC "neither short nor plain" and "confusing and difficult to comprehend." Dkt. 78 at 3–4. Plaintiff's response is not to fix the pleading but to defend it, arguing that the 5AC groups its allegations under "broad theories" and uses headings. That misapprehends Rule 8. The question is not whether a reader can, with effort, reverse-engineer which allegations support which claims; it is whether the pleading itself states each claim against each defendant, in a manner that is clear, organized, and answerable. The 5AC does not.

The "roadmap" Plaintiff offers proves the point. She assigns the same pages to two theories

---

[2] Plaintiff's purported leg disability appears nowhere in the 5AC (which alleges only stress-related symptoms, 5AC ¶¶159–161) or any declaration; it is raised for the first time as attorney argument. (Opp. 15.)

at once, placing her race-and-color allegations at "pages 5–28" and her disability allegations at "pages 24–28." Opp. at 6–7. She labels paragraphs 184–192 "[r]etaliation alone," although paragraph 192 also pleads failure to train, failure to accommodate, hostile work environment, discipline, and termination. 5AC ¶ 192. And her roadmap covers only the factual narrative and never addresses the 31 pages of causes of action. Opp. at 7. Plaintiff's need for an internally inconsistent roadmap confirms the 5AC does not provide fair notice. This is precisely the "unjustified burden" the Court condemned when it dismissed the TAC for "forc[ing]" Defendants "to select the relevant material from a mass of verbiage." Dkt. 78 at 4–5 (quoting *Jones v. Nat'l Commc'ns & Surveillance Networks*, 266 F. App'x 31, 32 (2d Cir. 2008)).

Plaintiff's authorities do not rescue the pleading; they underscore its defects. As an initial matter, Plaintiff cites no decision in which a court excused a Rule 8 violation where, as here, the plaintiff amended five times, received notice through repeated pre-motion letters, and had the benefit of a prior ruling addressing the very defect. In *Boykin v. KeyCorp*, 521 F.3d 202 (2d Cir. 2008), and *Amron v. Morgan Stanley Inv. Advisors Inc.*, 464 F.3d 338 (2d Cir. 2006), the Second Circuit did not address the prolixity and organizational defects at issue here; those decisions concerned whether the plaintiffs had pleaded *enough* facts to satisfy Rule 8, not whether a sprawling, repetitive pleading impermissibly obscured the claims. *Boykin*, 521 F.3d at 212–17; *Amron*, 464 F.3d at 342. *Byas v. Yonkers Pub. Schs.* likewise cuts against Plaintiff. There, the court dismissed the plaintiff's hostile-work-environment and retaliation claims without prejudice, but only "[b]ecause this is the first adjudication of her claims on the merits," granting a single opportunity to replead. No. 23-CV-8437 (KMK), 2025 WL 963977, at *16 (S.D.N.Y. Mar. 31, 2025). Even then, the court criticized the 35- and 46-page complaints as carelessly drafted and repetitive, cautioned that any future complaint be drafted "with 'special heed to the pleading requirements of Rule 8,'" and observed that the pleadings "come close" to violating Rule 8,

"especially given that Plaintiff is represented by counsel." *Id*. at *16 & n.1. Here, by contrast, the 67-page 5AC is Plaintiff's sixth pleading, filed after this Court already dismissed the 3AC under Rule 8, a posture far removed from the first-time repleading permitted in *Byas*.

Plaintiff's remaining authorities involve materially shorter pleadings. *See Murillo-Roman v. Pension Bds.*, No. 22-CV-8365 (JLR), 2024 U.S. Dist. LEXIS 12128, at *13 (S.D.N.Y. Jan. 23, 2024) (51-page first amended complaint); *Hastings v. DOJ*, 223 F. Supp. 2d 196, 199 (D.D.C. 2002) (38-page complaint; out-of-circuit). And Plaintiff's reliance on the "labyrinthian prolixity" standard is misplaced: that formulation derives from cases policing *pro se* prisoner pleadings, where leniency is tied to the litigant's *pro se* status and lack of record access. *See Harnage v. Lightner*, 916 F.3d 138, 141–42 (2d Cir. 2019). It offers no refuge to a counseled plaintiff on her sixth pleading.

### B. The Fifth Amended Complaint Should Be Dismissed Under Rule 12(b)(6).

Even if the 5AC is not dismissed under Rule 8, most of the alleged causes of action fail to satisfy Rule 12's pleading standard, and the Opposition does not show otherwise.

#### 1. <u>Plaintiff Abandons Several Claims by Failing to Address Them.</u>

Plaintiff does not answer Defendants' showing that her Title VII and ADA theories based on the 2024–2025 conduct are unexhausted and now untimely. Mem. at 11–13. The Court should treat those theories as abandoned and dismiss them. *See State St. Bank & Tr. Co. v. Inversiones Erazuriz Limitada*, 374 F.3d 158, 172 (2d Cir. 2004).[3] Especially "'in the case of a counseled party . . . a court may . . . infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned.'" *Malik v. City of N.Y.*, 841 F. App'x 281, 284 (2d Cir. 2021)

[3] Plaintiff also fails to defend, and thus abandons, her NJLAD aiding-and-abetting claim against Caraballo and Policastro (Count Twenty-One), her NYLL sex-based pay claim (Count Twenty-Seven), and her NJLAD pay-discrimination claim (N.J.S.A. § 10:5-12(t), Count Seventeen).

(quoting *Jackson v. Fed. Express*, 766 F.3d 189, 198 (2d Cir. 2014)).

The same is true of the wage-and-hour claims. Plaintiff does not dispute that the NYLL does not apply extraterritorially, that the relevant conduct occurred while she worked from New Jersey, or that her own pleading places her "laboring" in New Jersey throughout the relevant period. Mem. at 14–15. Her Opposition addresses only the NYSHRL/NYCHRL "impact" test (Opp. at 11–16) and not the extraterritoriality doctrine or Defendants' authority.

**2. <u>The Court Should Disregard the Declarations Submitted by Plaintiff</u>**

On a motion under Rule 12(b)(6), the Court's review is confined to the complaint, documents attached to or incorporated by reference in it, matters of which judicial notice may be taken, and documents that are "integral" to the complaint because the plaintiff relied on them in drafting it. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47–48 (2d Cir. 1991). A plaintiff cannot manufacture facts through an opposition brief or attached declarations that do not appear in the operative pleading. *See Matson v. Bd. of Educ. of the City Sch. Dist. of N.Y.*, 631 F.3d 57, 69 (2d Cir. 2011) (in resolving motion under Rule 12(b)(6), court "properly rejected consideration" of plaintiff's affidavits that contained new factual allegations not in complaint).

Plaintiff's opposition violates this rule at nearly every turn. Her "waiver" argument regarding the application of New York law rests entirely on an employment agreement, attached for the first time as Brooks Decl. Ex. 1. Opp. at 8. The 5AC does not allege the existence of this agreement or quote or rely on its forum-selection or choice-of-law language, and Plaintiff cannot now inject it to defeat dismissal. The argument is also substantively misplaced: a contractual choice-of-law and forum clause—assuming it was properly before the Court, and assuming it bound the Liberty defendants rather than only Ironshore—has no bearing on whether the NYSHRL and NYCHRL apply to Plaintiff under *Hoffman v. Parade Publs.*, 15 N.Y.3d 285 (2010), which

asks where the plaintiff lived and worked, not what the parties' contract says about venue.

The same defect infects Brooks's "impact" and tax arguments. Her opposition relies on a declaration reciting internal "computer records," a 2006 New York tax memorandum, and a declaration asserting a "leg disability" never mentioned anywhere in the 5AC (which instead alleges stress-related symptoms, *see* 5AC ¶¶159–161). Opp. at 13–16.[4] None of this information is properly before the Court. Reading only the 5AC, Plaintiff alleges she requested to work from home in November 2018, worked from New Jersey continuously thereafter "with the exception of 11 days," and remained a New Jersey resident through her 2024 reemployment and 2025 termination. 5AC ¶¶12, 55–56, 183–192. Eleven days of in-office work over a multi-year period is insufficient impact as a matter of law. *Meilus v. Rest. Opportunities Ctr. United, Inc.*, No. 21-cv-02554 (CM), 2021 WL 4868557, at *10 (S.D.N.Y. Oct. 15, 2021); *Germain v. Nielsen Consumer LLC*, 655 F. Supp. 3d 164, 183 (S.D.N.Y. 2023). Therefore, the Court should not rely on Plaintiff's declarations in deciding this Motion. Alternatively, if any claim survives, transfer remains warranted under 28 U.S.C. § 1404(a). New Jersey has a strong interest in adjudicating claims brought by a New Jersey employee who worked in New Jersey, and venue is proper there under 28 U.S.C. § 1391(b)(2). *See Garcia v. Pearson Educ., Inc.*, No. 15 Civ. 7289 (KPF), 2016 WL 5921083, at *6-7 (S.D.N.Y. Oct. 7, 2016).

**3. The Continuing Violations Doctrine Cannot Revive Plaintiff's Time-Barred Claims.**

Plaintiff concedes that her first EEOC charge was filed on May 5, 2021, and that the applicable Title VII limitations period begins July 9, 2020. Opp. at 17. Any Title VII claim

[4] Plaintiff's "impact" facts lack any record support. Her claim that she stayed classified as a New York employee on Liberty's "computer records" (Opp. 14) and her "core duties" assertion (Opp. 15-16) are both cited to "Costin Decl. Ex. 2," but the Costin Declaration (ECF 125) contains three paragraphs and a single Exhibit A (the 2006 tax memorandum). No "Exhibit 2" or "¶7" exists. These facts are thus not merely extra-pleading under *Chambers*; they are absent from the record entirely.

predicated on conduct before that date is time-barred. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002); *Edwards v. N.Y. State Unified Court Sys.*, No. 12 Civ. 46 (WHP), 2012 WL 6101984, at *2–3 (S.D.N.Y. Nov. 20, 2012). Plaintiff therefore cannot rely on 2017, 2018, or other pre–July 9, 2020 events to support her Title VII claims.

Plaintiff's continuing violation theory does not save the discrete acts she challenges. *Morgan* itself distinguishes discrete acts—terminations, disciplinary write-ups, PIPs, and denials of transfer—which must independently fall within the limitations period, from a true hostile-work-environment claim built on cumulative, ongoing conduct. *Nat'l R.R. Passenger Corp.*, 536 U.S. at 114–15. Plaintiff cannot recharacterize her 2022 probation, her 2024 PIP, or her 2025 termination as "continuing" manifestations of a 2017 wall or a 2018 remark to avoid the time bar, particularly where, as here, different supervisors, different roles, and multi-year gaps separate the incidents. Those very features—isolated timing, changing actors, and distinct forms of action—defeat the doctrine as a matter of law. *Anderson v. N.Y.C. Dep't of Fin.*, No. 19-CV-7971 (RA), 2020 WL 1922624, at *4–5 (S.D.N.Y. Apr. 21, 2020).

**4. Plaintiff's New York Claims Fail for Lack of Jurisdiction.**

Counts Four through Sixteen must be dismissed because Plaintiff cannot satisfy the New York "impact" test. Under *Hoffman*, a nonresident may invoke the NYSHRL or NYCHRL only if the alleged discriminatory conduct had an impact *in New York*; the inquiry turns on where the plaintiff lived and worked, not where the employer is headquartered or where decisions were made. 15 N.Y.3d at 289–91; *accord Fried v. LVI Servs., Inc.*, 500 F. App'x 39, 42 (2d Cir. 2012). By her own pleading, Plaintiff worked primarily from New Jersey beginning in November 2018. 5AC ¶¶ 31, 55–56.

Plaintiff's reliance on the COVID remote-work line of cases, chiefly *Shaughnessy v. Scotiabank*, is misplaced, because those decisions rest on a premise absent here: an employee who

worked in, or was hired to work in, New York and was displaced *solely* by the pandemic, such that "but for the COVID-19 pandemic, Plaintiff would have continued to report in person to the New York City office." No. 22-CV-10870, 2024 WL 1350083, at *9 (S.D.N.Y. Mar. 29, 2024). The animating concern was the "grey area" that arises when an employer resorts to "the simple stratagem of directing a targeted employee to do his work at home rather than at the New York office where he normally works." *Id.* at *8. (quoting *Wexelberg v. Project Brokers LLC*, No. 13 Civ. 7904, 2014 WL 2624761, at *11 (S.D.N.Y. Apr. 28, 2014)). No such stratagem exists here. Plaintiff was not directed to work remotely, was not awaiting a return to a New York office, and did not work in New York before transitioning out—unlike the *Shaughnessy* plaintiff (who worked ten months in the New York office) and the *Wexelberg* plaintiff (who worked six of eleven weeks in the Manhattan office before being directed home). To the contrary, Plaintiff *requested* to work from home in November 2018—more than a year before the pandemic—and worked from New Jersey by her own election thereafter, save eleven scattered days. 5AC ¶¶ 12, 55–56. She is the *Hoffman* plaintiff: a nonresident who lived and worked outside New York from 2018 until her termination in 2025.

Plaintiff's own authorities confirm that *Hoffman* governs her claims. In *Roddey v. KPMG L.L.P.*, No. 22-CV-7405, 2025 WL 1104538 (S.D.N.Y. Apr. 14, 2025), and *Shiber v. Centerview Partners LLC*, No. 21-CV-3649, 2024 WL 3274420 (S.D.N.Y. July 2, 2024), nonresidents' claims survived only because the plaintiffs had been hired to work in New York and "would have worked in New York but for" a pandemic-driven remote policy and their terminations. *Shiber*, 2024 WL 3274420, at *4. Both courts reaffirmed that a discriminatory-*termination* case remains governed by *Hoffman* and is "distinct from" the failure-to-hire theory of *Syeed v. Bloomberg L.P.*, 41 N.Y.3d 446, 452 (2024). *Roddey*, 2025 WL 1104538, at *8. Plaintiff pleads a termination while residing and working in New Jersey by her own choice; her circumstances are described by *Hoffman*, not

*Syeed*.

The only allegations tied to the period when Plaintiff physically worked in New York, her 2017 "segregation wall" allegation and her 2018 allegations concerning Caraballo, are independently time-barred and cannot support these claims. N.Y. C.P.L.R. § 214(2); N.Y.C. Admin. Code § 8-502; (5AC ¶¶ 34, 48–50). Nor do they plausibly support an inference of discrimination. *See Dowrich-Weeks v. Cooper Square Realty, Inc.*, 535 F. App'x 9, 12 (2d Cir. 2013). Counts Four through Sixteen should be dismissed.

**5. Plaintiff's Discrimination, Retaliation, and ADA Claims Still Fail.**

Plaintiff still pleads no non-conclusory facts connecting any challenged employment action to her race, purported disability, or protected activity. Her lead authority does not help her. *Muldrow v. City of St. Louis*, 601 U.S. 346 (2024) lowered the threshold for what qualifies as an adverse action, but it did not disturb the separate requirement that a plaintiff plead facts giving rise to a plausible inference of discriminatory *intent*, and it addressed only a discriminatory-transfer claim, leaving the distinct "materially adverse" retaliation standard intact. The Opposition conflates these requirements, cataloguing alleged adverse actions (Opp. at 17–18) without connecting any of them to her race or possible disability: no comparator pleaded with specificity as to the challenged decisions, no decisionmaker identified, and no race- or disability-based statement tied to the PIP or termination. *See Gong v. City Univ. of N.Y.*, 846 F. App'x 6, 8 (2d Cir. 2021); *Amaya v. Ballyshear LLC*, 295 F. Supp. 3d 204, 220 (E.D.N.Y. 2018). That Plaintiff belongs to a protected class and was later terminated does not establish discrimination; she must allege facts connecting the two. *See Puris v. TikTok Inc.*, No. 24-CV-944 (DLC), 2025 WL 343905, at *9 (S.D.N.Y. Jan. 30, 2025).

As Defendants demonstrated (Mem. at 20–21), the 5AC pleads no plausible causal connection between Plaintiff's 2021 and 2022 complaints and her 2025 termination. Plaintiff does

not respond, asserting only that adverse actions occurred “shortly after” protected activity (Opp. at 25) while ignoring the intervening leave, reassignment, and return to work. Her retaliation claims therefore fail under Title VII, the ADA, the NYSHRL, the NYCHRL, and the NJLAD.

Further, Plaintiff's own authority defeats her hostile-work-environment claims. *Alfano v. Costello* holds that isolated acts, unless very serious, do not satisfy the severe-or-pervasive standard. 294 F.3d 365, 374 (2d Cir. 2002). The single 2020 Juneteenth remark, made years before Plaintiff's 2025 termination and by an individual uninvolved in that decision, cannot carry the claim.[5]

Plaintiff’s ADA failure-to-accommodate and disparate treatment claims independently fail. The sole accommodation she identifies is reassignment away from Caraballo and Policastro, which she concedes she was provided. (5AC ¶¶ 162, 183; Opp. at 22–24.) And the 5AC never identifies the disability upon which Plaintiff’s disparate-treatment theory rests. The pleading alleges only stress-related symptoms (5AC ¶¶ 159–161), and as discussed *supra*, the “leg disability” Plaintiff now invokes appears nowhere in the 5AC. Opp. at 15.

## III. CONCLUSION

The 5AC should be dismissed with prejudice. After five amendments and this Court’s express guidance, further amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

[5] Plaintiff does not rebut Defendants’ showing that the remaining allegations reflect workplace disagreements, criticism, supervision, and performance-related disputes rather than race-based conduct. *See* Mem. at 27–29. For the reasons set forth there, the hostile-work-environment claims fail under Title VII, the NYSHRL, the NJLAD, and the NYCHRL.

Dated: September 18, 2026
New York, New York

LITTLER MENDELSON, P.C.

By: /s/ *William J. Anthony*

William J. Anthony
H. Keith Belfield
900 Third Avenue
New York, New York 10022.3298
Telephone: 212.583.9600
Facsimile: 212.832.2719
wanthony@littler.com
kbelfield@littler.com

*Attorneys for Defendants Liberty Mutual Group Inc., Michael Policastro, Jose Caraballo, and Brendan McLaughlin*